[Cite as *Blythewood Farms, Ltd. v. Drown*, 2014-Ohio-2742.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| BLYTHEWOOD FARMS, LTD | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | Hon. Craig R. Baldwin, J. |
| -vs- | Case No. 2013CA00025 |
| WILLIAM T. DROWN, ET AL. | |
| Defendants/Third-Party<br>Plaintiffs/Appellants | O P I N I O N |
| KRIS McCOMBS AND<br>SHELLY MCCOMBS | |
| Third-Party Defendants | |

CHARACTER OF PROCEEDING:     Appeal from the Coshocton Municipal
Court, Case No. CVI1300205

JUDGMENT:     Reversed and Remanded

DATE OF JUDGMENT ENTRY:     June 23, 2014

APPEARANCES:

For Plaintiff-Appellee     For Defendants-Appellants

JAMES SKELTON     BRIAN W. BENBOW
309 Main Street     605 Market Street
Coshocton, Ohio 43812     Zanesville, Ohio 43701

*Hoffman, P.J.*

**{¶1}**   This matter stems from a small claims complaint seeking money damages arising from an unpaid water bill at issue from a real estate sale and closing. Defendants-Third Party Plaintiffs/Appellants William T. Drown, Fidelity Title & Closing Services, LLC and Nina Richards (Appellants) handled the closing of the real estate transfer as the closing and escrow agent for the real estate purchase. Attorney William Todd Drown was the principal of Fidelity Title & Closing LLC[1], which employs Nina Richards.   Plaintiff-Appellee Blythewood Farms, Ltd. was the purchaser of the real estate (Appellee).  Third-Party Defendants Kris and Shelly McCombs were the sellers of the real estate.

STATEMENT OF THE FACTS AND PROCEEDINGS

**{¶2}**   As part of the closing process, Kris and Shelly McCombs signed documents entitled Appointment of Escrow Agent/Conditions of Acceptance of Escrow Closing Affidavit whereby they certified all utility bills, including water, were paid in full. The Closing Affidavit reads, "All bill(s) for water and sewer issued prior to the date hereof for water and sewer and services to the premises have been fully paid and/or will be paid, including charges through date of final readings, if subsequent to the date of this affidavit."  Also, as part of the closing process, the McCombs signed a document entitled Cooperation Agreement in which they pledged to provide any uncollected funds at closing within 10 days of demand by Fidelity Title & Closing Services Agency, Inc.

---

[1] On June 12, 2013, Appellee dismissed Attorney Drown from the lawsuit as a result of his personal bankruptcy.

**{¶3}** On or about May 16, 2013, after being advised of the outstanding water bill, Appellants dispatched a letter to the McCombs' last known address demanding payment for uncollected water bill. No response was received.

**{¶4}** The matter proceeded with the filing of the small claims complaint herein in the Coshocton Municipal Court. A trial took place on September 17, 2013.[2]

**{¶5}** The trial court issued a decision on the merits in all matters on October 11, 2013, finding in favor of Appellee Blythewood Farms, Ltd. against Appellants for the unpaid water bill in the amount of $556.22. The trial court further found in favor of Appellants as to their third party complaint against Kris and Shelly McCombs for $556.22.[3]

**{¶6}** Appellants Fidelity Title & Closing LLC and Nina Richards appeal, assigning as error:

**{¶7}** "I. THE TRIAL COURT'S OCTOBER 11, 2013 JUDGMENT ENTRY IS AGAINST THE WEIGHT OF THE EVIDENCE IN THAT THE TRIAL COURT TOOK NO SWORN TESTIMONY AND FAILED TO CONDUCT ANY TRIAL PROCEDURE WHATSOEVER IN VIOLATION OF PROCEDURAL DUE PROCESS.

**{¶8}** "II. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY HOLDING APPELLANT, NINA RICHARDS, PERSONALLY LIABLE FOR A CORPORATE DEBT OF FIDELITY TITLE & CLOSING SERVICES LLC WHEN APPELLANT WAS MERELY AN EMPLOYEE OF A LIMITED LIABILITY COMPANY.

---

[2] The transcript of the proceedings includes a title page indicating the trial occurred on October 17, 2013. However, the record herein reflects the trial occurred on September 17, 2013 at 9:30 a.m.
[3] Third-Party Defendants Kris and Shelly McCombs did not timely appeal the decision of the trial court.

**{¶9}** "III. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY ENTERING JUDGMENTS AGAINST APPELLANTS BY RELYING UPON COSHOCTON COUNTY ORDINANCES THAT ARE UNCONSTITUTIONAL AND IN VIOLATION OF R.C. 6119.06 AND R.C. 743.04(A).

**{¶10}** "IV. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY ENTERING JUDGMENTS AGIANST [SIC] APPELLANTS IN THAT THERE IS NO BASIS FOR LIABILITY IN CONTRACT."

I.

**{¶11}** Upon our review of the entire record and a thorough review of the transcript of the proceedings herein, we find the proceedings do not meet the requirements of due process. While recognizing the unique nature of small claims proceedings, the record herein does not demonstrate a sufficient modicum of due process required under Ohio law. The record does not evidence the witnesses were under oath, nor does the record indicate the identity or capacity of each witnesses making a statement. Rather, the record indicates "Unidentified Speaker" throughout the proceedings. At times, the trial court admits to confusion, and throughout the proceedings there is disorder in the colloquy conducted by the trial court. It seems apparent the trial court attempted to convert the trial proceedings to a settlement conference, allowing the parties two weeks to submit a dismissal of the proceedings. Based upon the foregoing, we find the trial court's "trial" violated due process.

**{¶12}** The first assignment of error is sustained.

II, III. and IV.

{¶13} In light of our analysis and disposition of Appellant's first assignment of error, we find Appellant's second, third and fourth assignments of error moot.

{¶14} The October 11, 2013 Judgment Entry entered by the Coshocton Municipal Court is reversed and the matter remanded to the trial court for further proceedings in accordance with the law and this opinion.

By: Hoffman, P.J.

Gwin, J. and

Baldwin, J. concur